FILED

1   Alexander Baker
2   Plaintiff Pro Se
3   3505 8th Ave
4   Los Angeles, CA. 90018
5   tel: 323-313-7653

2016 APR -5  AM 10: 21

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

6
7
8           **UNITED STATES DISTRICT COURT**
9           **CENTRAL DISTRICT OF CALIFORNIA**
10                **WESTERN DIVISION**
11          312 N. Spring St. # G8,  Los Angeles, CA. 90012
12
13
14   ALEXANDER BAKER                    ) Case No. CV 16 -02313 RGK (JPRx)
                                        )
15                                      )
                                        ) COMPLAINT FOR DECLARATORY
16                                      ) RELIEF; INJUNCTIVE RELIEF;
                                        ) DAMAGES
17          Plaintiff,                  )
                                        )
18      vs.                             ) COPYRIGHT INFRINGEMENT
                                        ) 17 U.S.C. §101 et. seq.
19                                      )
20   CLAIR MARLO                        ) WIRE FRAUD  18 U.S.C. §1343
                                        )
21                                      )
                                        ) DEMAND FOR JURY TRIAL
22                                      )
23          Defendant                   )
                                        )
24   _____
25
26
27
28



*Baker v Marlo - Complaint - page 1 of 13*

## RULE 8(a) SHORT AND PLAIN
## STATEMENT OF THE CLAIM

1.  Plaintiff Alexander Baker is sole author, publisher, producer, rightful owner and registered copyright claimant of "That 70's Record" - a collection of 11 original songs, embodied in 11 master sound recordings. Defendant Clair Marlo obtained "That 70's Record" by stating to the Plaintiff that she would "shop" the speculative project in hopes of obtaining a lucrative publishing contract. Ms. Marlo then sold the publishing and master rights to a third party for $16,000, falsely claiming herself as author via interstate email, while never offering the Plaintiff any type of contract, and keeping all the money.

## JURISDICTION AND VENUE

2.  United States District Court has original subject matter jurisdiction for this action under 17 U.S.C. §101 et. seq., Copyright Infringement, a federal question; and under 18 U.S.C. §1343, Wire Fraud - a federal question.

3.  Central District of California, Western Division is the proper venue because Defendant Clair Marlo resides in Sherman Oaks, California, 91403.

## PARTIES

4.  Plaintiff Alexander Baker (hereafter "Mr. Baker") is a music composer, producer and publisher now living in Los Angeles, California. Mr. Baker's publishing company is "Write Hear Music" (BMI CAE/IPI #: 197437624)

5.   Defendant Clair Marlo (hereafter "Ms. Marlo") is a music composer, producer, and publisher now living in Sherman Oaks, California. Ms. Marlo's publishing company is "Veselica Music" (BMI CAE/IPI #: 536235362)

## INTERESTED THIRD PARTIES

6.   Firstcom Music  (hereafter "Firstcom") is a music library company in Carrolton, Texas which profits by obtaining and commercially exploiting music copyrights, primarily by selling licenses for recorded music usage on television shows. Firstcom is believed to be a wholly-owned subsidary of Universal Music Group, a Delaware corporation.

7.   First Digital Music (hereafter "First Digital") is Firstcom's BMI-affiliated music publishing company. First Digital is believed to be a division of Universal Music Z-Tunes LLC (BMI CAE/IPI #: 211629598).

8.   Broadcast Music Incorporated (hereafter "BMI") is a performance rights organization charged with collecting and distributing music performance royalty money due to Mr. Baker, to Ms. Marlo, and to First Digital.

## FACTS

9.   From September 1993 until June of 2014, Mr. Baker and Ms. Marlo were equal partners doing business as Invisible Hand Productions, a "DBA" company existing for the purpose of writing, producing and commercially exploiting music.

10. In 1997, Mr. Baker and Ms. Marlo jointly filed a fictitious business name "Invisible Hand Productions" in Los Angeles County.

11. From 1997-2007, Invisible Hand Productions entered into approximately 25 "work-for-hire" contracts with Firstcom, the purpose of which was to create and commercially exploit recordings of new music titles. The contracts specified that Invisible Hand Productions would produce the music, and transfer copyright ownership in the master recordings to Firstcom. Further, each writer of each new music work would expressly transfer copyright ownership of the "publishing share" to First Digital, while retaining ownership of the "writer share". In compensation, Firstcom would pay Invisible Hand a fee, typically amounting to about $1000 - $1200 per song, depending on various factors, such as duration, and whether the commissioned work was instrumental or vocal.

12. Unbeknownst to Mr. Baker, in 2007 Ms. Marlo renewed the fictitious business name "Invisible Hand Productions" in Los Angeles County, only this time placing the business solely in her own name. At all relevant times, Mr. Baker believed that Invisible Hand Productions was an equal partnership between he and Ms. Marlo.

13. From 2007-2014, Mr. Baker continued to write and produce music for Invisible Hand Productions. During this time, Invisible Hand entered into about 25 additional contracts with Firstcom, with terms similar as before.

14. In June 2014, Ms. Marlo told Mr. Baker that Firstcom was no longer willing to contract with Invisible Hand Productions. Ms. Marlo was at all times the

*Baker v Marlo - Complaint - page 4 of 13*

representative between Invisible Hand Productions and Firstcom. Mr. Baker believed Ms. Marlo, and was very disappointed.

15. In September 2014, Ms. Marlo asked Mr. Baker to create a music library project reminiscent of rock music popular in the 1970's. Ms. Marlo represented that once it was completed, she would use her best efforts to sell the project to Firstcom, or to another music library. Mr. Baker agreed, and named the speculative new project "That 70's Record".

16. Mr. Baker and Ms. Marlo agreed that Mr. Baker would finance the production of "That 70's Record" from his own money, something they had never done before. If and when a deal was struck to sell the project to a music library company, then Mr. Baker was to be reimbursed for 100% of his production expenses "off the top". Then, Mr. Baker and Ms. Marlo would divide equally any remaining money.

17. Since "That 70's Record" was a speculative venture, no representations were made regarding transfer of copyright in the publishing interest, nor in the master interest.

18. In September 2014, relying on Ms. Marlo's representations, Mr. Baker agreed to the speculative venture and began composing and recording. Working an average 50 hours per week, by December 2014 Mr. Baker had created the following 11 songs:

| | |
|---|---|
| 1   Let Love Unwind | BMI Work #19313896 |
| 2   Lay a Little Love on Me | BMI Work #19313884 |
| 3   Been a Long Time Comin' | BMI Work #19311646 |
| 4   Keep On' Doing | BMI Work #19313819 |
| 5   California Baby | BMI Work #19311793 |
| 6   Time to Hit the Road | BMI Work #19314771 |
| 7   Gonna Light Your Fire | BMI Work #19312550 |
| 8   On A Big Ship | BMI Work #19314296 |
| 9   Treehouse Hideaway | BMI Work #19314800 |
| 10  Kick Up the Sound | BMI Work #19313827 |
| 11  Go All The Way | BMI Work #19312534 |

19. Mr. Baker spent a total of $7105 hiring vocalists and instrumentalists to perform on "That 70's Record."

20. In mid-December, 2014, Mr. Baker had finished "That 70's Record", and delivered the master sound recordings in both .AIF and .MP3 file formats to Ms. Marlo, so that she could "shop" the project in hopes of selling it.

21. On December 24, 2014, at 9:48AM, Mr. Baker sent an email to 3 email addresses, all belonging to Clair Marlo. Attached to the email was a zipped folder containing text documents of the lyrics and authorship credits for each of the 11 songs. A true and correct copy of the email is:

```
From: Alexander Baker <acebaker1234@yahoo.com>
To: CLARA BAKER <composerhouse@mac.com>; Clair
<clairmarlo@yahoo.com>; Clair Marlo
<clair@invisiblehandmusic.com>
Sent: Wednesday, December 24, 2014 9:48 AM
Subject: 70s lyrics

 attached

  70'S lyrics .zip
```

22. The writing credits listed in the text documents emailed to Ms. Marlo on December 24, 2014 were consistent with the description above, i.e. that Mr. Baker was sole writer on the 11 songs subject to this complaint.

23. Mr. Baker registered a "sound recording" copyright claim for "That 70's Record" with the Library of Congress, using the "eCO" system at copyright.gov.

24. Unbeknownst to Mr. Baker, Ms. Marlo had already reached a deal to sell "That 70's Record" to Firstcom, agreeing to transfer master and publishing rights to Firstcom and First Digital, respectively.

25. In or about January 2015, Ms. Marlo delivered "That 70's Record" master song files to Firstcom via internet upload of the 11 songs.

26. Also in or about January 2015, Ms. Marlo electronically delivered an email document from her home office (in California), to Firstcom (in Texas) stating

1    that Clair Marlo was a 75% writer on the 11 songs, while Alexander Baker was
2    a 25% writer on the 11 songs.

3

4  27. Relying on Ms. Marlo's representations made across state lines, Firstcom then
5     registered the 11 titles with BMI, indicating that First Digital Music was 100%
6     publisher of all the songs, that Clair Marlo was 75% writer on all songs, that
7     Alexander Baker was 25% writer on all songs.

8

9  28. It is believed that Ms. Marlo received a total of $16,000 from Firstcom in
10     compensation for selling the rights to "That 70's Record".

11

12  29. Ms. Marlo did not pay Mr. Baker any money, and never intended to pay Mr.
13     Baker any money.

14

15  30. With respect to the 11 titles comprising "That 70's Record", at no time did Mr.
16     Baker sign nor agree to any work-for-hire contract, nor to any kind of contract
17     transferring either publishing or master rights to Firstcom, nor to First Digital,
18     nor to anyone.

19

20  31. In June 2015, Mr. Baker visited Firstcom's website, and discovered that "That
21     70s Record" had been renamed "70s Mix Tape". Firstcom is now
22     commercially exploiting the 11 titles.

23

24  32. In June 2015, Mr. Baker contacted Ms. Marlo and demanded to see the
25     contract with Firstcom regarding the 11 songs, if any. Ms. Marlo refused. On
26     numerous subsequent occasions, Mr. Baker has contacted Ms. Marlo wishing
27     to negotiate some type of out-of-court settlement. Ms. Marlo has steadfastly
28     refused.

33. Beginning in June 2015, on several occasions Mr. Baker has contacted Firstcom by U.S. Mail, and by email, seeking their help in resolving the above-stated issues out-of-court. Firstcom has completely ignored Mr. Baker.

34. In September 2015, Mr. Baker viewed records at Los Angeles County Recorder. Mr. Baker discovered then that Ms. Marlo had registered Invisible Hand Productions solely in her own name, back in 2007. Mr. Baker noticed that the fictitious business form, signed by Ms. Marlo, expressly stated that entering false information was "a crime".

## FIRST CAUSE OF ACTION
## Copyright Infringement - Authorship
## 17 U.S.C. §101 et. seq.

35. Plaintiff now repeats, realleges and incorporates by reference paragraphs 1-34 above. Defendant Clair Marlo is liable for copyright infringement under 17 U.S.C. §501 because she did falsely claim a share of authorship of 11 songs on "That 70's Record", when in fact Alexander Baker is sole author of each of those 11 songs, and thus initial ownership of each of them vests exclusively with him as provided in 17 U.S.C. §201 (a).

1

## SECOND CAUSE OF ACTION
## Copyright Infringement - Publishing
## 17 U.S.C. §101 et. seq.

36. Plaintiff now repeats, realleges and incorporates by reference paragraphs 1-34 above. Defendant Clair Marlo is liable for copyright infringement under 17 U.S.C. §501 because she did purport to transfer ownership of publishing rights of the 11 songs on "That 70's Record" to First Digital Music, when such right to transfer ownership belonged exclusively to original author Alexander Baker, as provided in 17 U.S.C. § 106 (3).

## THIRD CAUSE OF ACTION
## Copyright Infringement - Masters
## 17 U.S.C. §101 et. seq.

37. Plaintiff now repeats, realleges and incorporates by reference paragraphs 1-34 above. Defendant Clair Marlo is liable for copyright infringement under 17 U.S.C. § 501 because she did purport to transfer ownership of sound recording master rights to the 11 songs on "That 70's Record" to Firstcom, when such right to transfer ownership belonged exclusively to producer Alexander Baker as provided in 17 U.S.C. §106 (3).

# FOURTH CAUSE OF ACTION
## Wire Fraud
## 18 U.S.C. §1343

38. Plaintiff now repeats, realleges and incorporates by reference paragraphs 1-34 above. Defendant Clair Marlo is liable for Wire Fraud under 18 U.S.C. §1343 because she devised and executed a scheme to obtain performance royalty money due to the Plaintiff by transmitting from her home office (in California) to Firstcom (in Texas) by means of wire the false representation that she was a rightful copyright owner of "That 70's Record", when in fact Plaintiff Alexander Baker was the sole rightful copyright owner.


# PRAYER FOR RELIEF

## (Copyright Infringement Causes of Action)

39. **Declaratory Relief** - Under 17 U.S.C. §201 (d)(1), by operation of law, the Court should declare that Alexander Baker is 100% author of the 11 songs on "That 70's Record", listed above.

40. **Injunctive Relief** - The Court should order BMI to immediately update the authorship registration for the 11 songs on "That 70's Record" to reflect the true and correct authorship, in accordance with the declaratory findings above. The Court should order Firstcom to immediately update their records and online search engine data for all songs on "That 70s Record" (known to

Firstcom as "70s Mix Tape") to reflect true and correct authorship, in accordance with the declaratory findings above.

41. **Actual Damages and Profits** - Under 17 U.S.C. §504 (b), the Court should award the Plaintiff actual damages in the amount of $7105 (Plaintiff's cash out of pocket) + 100% of performance royalty money due Plaintiff but paid to Defendant (to be proven at trial),  + $16,000 gross revenue profits (total contract price received by Defendant) - total expenses proven by Defendant, if any.

42. **Statutory Damages** - Alternatively to Actual Damages and Profits, and at the Plaintiff's discretion, under 17 U.S.C. §504 (c), the Court should award the Plaintiff statutory damages for each of the 11 infringed songs, in a sum not less than $8250 ($750 x 11), and not more than $330,000 ($30,000 x 11), in an amount the Court considers just.

### (Wire Fraud Cause of Action)

43. **Punitive Damages** - Insofar as the Defendant's wrongdoing is found to be intentionally tortious, the Court should award punitive damages to the Plaintiff in the amount of $100,000, or an amount deemed reasonable by the Court, to punish the Defendant, to make an example of her, and to discourage future such conduct.

### (All Causes of Action)

44. **Costs** - The Court should award incurred litigation costs and fees to Plaintiff Alexander Baker, in an amount to be documented at trial.

*Baker v Marlo - Complaint - page 12 of 13*

1
2
3    Dated this 1st day of April, 2016
4
5
6
7    Alexander  Baker
8    Plaintiff Pro Se
9    Phone: 323-313-7653
10   acebaker1234@yahoo.com
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Baker v Marlo - Complaint - page 13 of 13*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself [X] ) | DEFENDANTS ( Check box if you are representing yourself [ ] ) |
|---|---|
| Alexander Baker | Clair Marlo |

| (b) County of Residence of First Listed Plaintiff    Los Angeles<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant    Los Angeles<br>*(IN U.S. PLAINTIFF CASES ONLY)* |
|---|---|
| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- [ ] 1. U.S. Government Plaintiff
- [X] 3. Federal Question (U.S. Government Not a Party)
- [ ] 2. U.S. Government Defendant
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

- [X] 1. Original Proceeding
- [ ] 2. Removed from State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Reinstated or Reopened
- [ ] 5. Transferred from Another District (Specify)
- [ ] 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [X] No    [X] **MONEY DEMANDED IN COMPLAINT:** $ 430,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
17 U.S.C. §101 et. seq. - Defendant profited by infringing Plaintiff's copyright in the musical work "That 70's Record".   18 U.S.C. §1343 - Defendant profited by transmitting across state lines fraudulent representations regarding authorship of "That 70's Record".

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| [ ] 375 False Claims Act | [ ] 110 Insurance | [ ] 240 Torts to Land | [ ] 462 Naturalization Application | **Habeas Corpus:** | [X] 820 Copyrights |
| [ ] 376 Qui Tam (31 USC 3729(a)) | [ ] 120 Marine | [ ] 245 Tort Product Liability | [ ] 465 Other Immigration Actions | [ ] 463 Alien Detainee | [ ] 830 Patent |
| [ ] 400 State Reapportionment | [ ] 130 Miller Act | [ ] 290 All Other Real Property | | [ ] 510 Motions to Vacate Sentence | [ ] 840 Trademark |
| [ ] 410 Antitrust | [ ] 140 Negotiable Instrument | **TORTS** | **TORTS** | [ ] 530 General | **SOCIAL SECURITY** |
| [ ] 430 Banks and Banking | [ ] 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | [ ] 535 Death Penalty | [ ] 861 HIA (1395ff) |
| [ ] 450 Commerce/ICC Rates/Etc. | | [ ] 310 Airplane | [ ] 370 Other Fraud | **Other:** | [ ] 862 Black Lung (923) |
| [ ] 460 Deportation | [ ] 151 Medicare Act | [ ] 315 Airplane Product Liability | [ ] 371 Truth in Lending | [ ] 540 Mandamus/Other | [ ] 863 DIWC/DIWW (405 (g)) |
| [ ] 470 Racketeer Influenced & Corrupt Org. | [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.) | [ ] 320 Assault, Libel & Slander | [ ] 380 Other Personal Property Damage | [ ] 550 Civil Rights | [ ] 864 SSID Title XVI |
| [ ] 480 Consumer Credit | | [ ] 330 Fed. Employers' Liability | [ ] 385 Property Damage Product Liability | [ ] 555 Prison Condition | [ ] 865 RSI (405 (g)) |
| [ ] 490 Cable/Sat TV | [ ] 153 Recovery of Overpayment of Vet. Benefits | [ ] 340 Marine | **BANKRUPTCY** | [ ] 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| [ ] 850 Securities/Commodities/Exchange | [ ] 160 Stockholders' Suits | [ ] 345 Marine Product Liability | [ ] 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [ ] 890 Other Statutory Actions | [ ] 190 Other Contract | [ ] 350 Motor Vehicle | [ ] 423 Withdrawal 28 USC 157 | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 871 IRS-Third Party 26 USC 7609 |
| [ ] 891 Agricultural Acts | [ ] 195 Contract Product Liability | [ ] 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | [ ] 690 Other | |
| [ ] 893 Environmental Matters | [ ] 196 Franchise | [ ] 360 Other Personal Injury | [ ] 440 Other Civil Rights | **LABOR** | |
| [ ] 895 Freedom of Info. Act | **REAL PROPERTY** | [ ] 362 Personal Injury-Med Malpractice | [ ] 441 Voting | [ ] 710 Fair Labor Standards Act | |
| [ ] 896 Arbitration | [ ] 210 Land Condemnation | [ ] 365 Personal Injury-Product Liability | [ ] 442 Employment | [ ] 720 Labor/Mgmt. Relations | |
| [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision | [ ] 220 Foreclosure | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 443 Housing/ Accommodations | [ ] 740 Railway Labor Act | |
| [ ] 950 Constitutionality of State Statutes | [ ] 230 Rent Lease & Ejectment | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 445 American with Disabilities-Employment | [ ] 751 Family and Medical Leave Act | |
| | | | [ ] 446 American with Disabilities-Other | [ ] 790 Other Labor Litigation | |
| | | | [ ] 448 Education | [ ] 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**    Case Number:    CV16-02313

CV-71 (02/16)                              CIVIL COVER SHEET                              Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes ☒ No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes ☒ No | | ☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes ☒ No | | ☐ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| **D.1.** Is there at least one answer in Column A? | **D.2.** Is there at least one answer in Column B? |
|---|---|
| ☐ Yes ☒ No | ☐ Yes ☒ No |
| If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br><br>Enter "Southern" in response to Question E, below, and continue from there.<br><br>If "no," go to question D2 to the right. ➡ | If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br><br>Enter "Eastern" in response to Question E, below.<br><br>If "no," your case will be assigned to the WESTERN DIVISION.<br><br>Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

CV-71 (02/16)      CIVIL COVER SHEET      Page 2 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?**      ☒ NO      ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court?**      ☒ NO      ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____      DATE:   April 4, 2016

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |